IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PATRICK C. LYNN,
             Petitioner,

            vs.                    Case No. 16-3089-JTM

STATE OF KANSAS,
             Respondent.


MEMORANDUM AND ORDER


Patrick Lynn, a Kansas inmate and long-time three-strikes litigant, filed this pro se pleading with the title "Petition for Writ of Habeas Corpus[1] Pursuant to the All Writs Act of 28 U.S.C. 1651." [2]  This matter is before the court for screening of the petition and upon multiple motions filed by petitioner.  For reasons that follow, the court dismisses

---

[1]     Petitioner improperly names the State of Kansas as respondent.  The only proper respondent in a habeas corpus petition is the inmate's custodian.  The proper respondent in a petition seeking mandamus relief is the person to whom the writ would be directed if granted.

[2]     In one of his subsequent filings, Mr. Lynn appears to complain that this pleading was docketed as a mandamus petition when he filed it as a habeas corpus petition.  See Motion for Emergency Oral Argument and Request for Orders (Doc. 6).  As noted, petitioner cited 28 U.S.C. § 1651 in the title of his pleading.  "The common-law writ of mandamus against a lower court is codified at 28 U.S.C. § 1651(a)." *Cheney v. U.S. Dist. Court for Dist. Of Columbia*, 542 U.S. 367, 381 (2004).  Petitioner did not cite 28 U.S.C. § 2254 or § 2241.  He asked this federal court to intervene in state court proceedings and order state court judges to act, which sounds like a request for mandamus relief.  The clerk need not parse the entire initial pleading to determine the docketing category.  Now that the court has screened the entire pleading, it is clear that this "petition" is essentially a civil rights complaint asserting claims of denial of court access by state court judges and prison officials, none of whom is named as a defendant in a proper complaint.  The three-strikes provision applies to mandamus petitions.  *Green v. Nottingham*, 90 F.3d 415 (10th Cir. 1996).

1

this action because Mr. Lynn is a three-strikes litigant, has not paid the filing fee, and does not qualify to proceed without prepayment of the fee.

In a nutshell, Mr. Lynn claims in his petition that his First Amendment right of access to the courts is being denied based upon the alleged actions or inactions of two judges in five cases filed by him in the District Court of Johnson County Kansas.[3]  He asks this federal court to "intervene" and to "order the Johnson Co. KS. D.Ct. Judges to immediately appt. conflict of interest free replacement counsel to effectuate (his) pcr appeals."[4]  He also calls this court's attention to his indigent status and alleges that he owes large "unpayable" amounts due to disciplinary fines and outstanding legal postage credits.  He complains regarding the monthly limitations on postage and writing materials provided to indigents.  He contends that these conditions make it "impossible" for him to have meaningful court access to challenge his conditions of

---

[3]     Petitioner's supporting allegations include that he was wrongfully convicted in 1996; is "provably innocent" and "was provably railroaded;" he is serving an illegal sentence of "49.10 years;" he is entitled to resentencing under intervening Kansas case law and amended statutory law; he was appointed incompetent counsel in state post-conviction proceedings; he sent numerous letters and pro se pleadings to the state court from March through June 2015 seeking a hearing and replacement counsel; his two "PCR" cases were arbitrarily dismissed in July 2015 due to "filing restrictions injunction" and his counsel filed a late appeal; his "1507(f)(2) habeas case/Case No. 14-CV-7663" was dismissed in July 2015 due to his failure to attend a hearing; Judge Ryan refused to accept his pro se timely Notice of Appeal and his appointed counsel filed a late appeal; Judge Ryan denied his "KSA 22-3504 Murdock/Garcia motion to correct illegal sentence" in July 2015, and his counsel filed a timely appeal; he fired counsel appointed on both his appeals and Judge Ryan refused to appoint replacement counsel of petitioner's choice; in October 2015 he filed three new actions along with the "application sets" required by his filing restrictions: motion to vacate or modify 20-year old filing restrictions, motion to reopen judgment in Case No. 14-cv-7663, and a civil rights complaint; to date Judge Moriarty and Judge Ryan have refused to allow the filing of these actions; and he filed a judicial misconduct complaint against Judge Moriarty and Judge Ryan and complained to the Judicial Administrator for the Kansas Courts seeking intervention to get his five cases moving.

[4]     Thus, petitioner's specific request for relief mentions his two "pcr appeals" and appointment of counsel only.

confinement and his criminal cases[5] and that he suffers under "a plethora of 1st, 8th, &

14th Amendment violations" with "no state court willing to intervene and enforce his

constitutional rights to court access and redress."[6]

Mr. Lynn was long ago designated a three-strikes litigant.[7]  The "three strikes"

statute, 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action . . . under this [in forma
> pauperis] section if the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or appeal in a
> court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be
> granted, unless the prisoner is under imminent danger of serious physical
> injury.

28 U.S.C. § 1915(g).  Mr. Lynn has previously been advised of the standards for

qualifying under 1915(g)'s imminent danger exception.  See e.g., *Lynn v. Roberts*, 2011

WL 3667171 at *1-*3 (D.Kan. 2011).  There is only one exception to the prepayment

requirement in Section 1915(g), and it is available to a prisoner who is under imminent

danger of serious physical injury.  The three-strikes litigant bears the burden to allege

---

[5]     This matter is not a habeas corpus petition under Section 2254 because petitioner does not directly challenge his state convictions.  Nor could he, since any Section 2254 petition filed by Mr. Lynn would be second and successive, and this court would lack jurisdiction absent preauthorization from the Tenth Circuit Court of Appeals.  This pleading is not a Section 2241 petition because Mr. Lynn challenges conditions of his confinement rather than the execution of his sentence.

[6]     Finally, Mr. Lynn includes "notice" that "since 3-18-15 to 3-22-16" he has "been subjected to 21 criminal batteries/excessive uses of force."  He also gives notice of his age and deteriorating health; possible upcoming medical procedures; and alleged conditions of confinement including the prison rotation scheme.  He asserts that these allegations make "it all the more crucial for this court to intervene" and "expeditiously act" to grant relief or at least issue a show cause order to the Kansas Attorney General.

[7]     See e.g., *Lynn v. McClain*, 12 Fed. App'x 676, 679 (10th Cir. 2001)(noting that Lynn's "past civil filings have subjected him to the 'three strike' provisions."); *Lynn v. McClain*, 162 F.3d 1173 (10th Cir. 1998)(finding that Lynn "now has a total of six strikes against him").

"specific credible allegations" of imminent physical danger.  *Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011)(quoting *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001)).  Vague, conclusory allegations are clearly insufficient.  *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1180 (10th Cir. 2011)(citing *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998)).  The 1915(g) exception focuses on the risk that the alleged conduct threatens continuing or future injury and not on whether the inmate deserves a remedy for past misconduct.  The exception is construed narrowly and available only "for genuine emergencies," where time is pressing and the threat is real and proximate.

An inmate's First Amendment claim of denial of court access is a challenge to the conditions of his confinement.  It is not a habeas corpus claim, as it will not entitle him to immediate or speedier release.  The statutory fee for filing a civil complaint challenging conditions of confinement is $400.  Mr. Lynn is aware that in order to litigate challenges to conditions of his confinement he must either prepay the $400 filing fee[8] or show that he is in imminent danger of serious physical injury.  Mr. Lynn has not prepaid the fee.  Consequently, he may only proceed if he qualifies for the exception to fee prepayment in Section 1915(g).  The court has searched the "Petition" (Doc. 1) for specific facts showing that Mr. Lynn was in imminent danger of serious physical injury when he filed this action.  Plaintiff's descriptions of the judicial acts of two state judges and the nature of his state court cases as well as his allegations regarding his indigent status and limitations on postage and writing materials do not amount to specific

---

[8]     It is not unusual for an inmate to improperly attempt to present civil rights claims in a habeas petition to avoid the much larger filing fee or the three-strikes bar.

factual allegations that he is in imminent danger of physical injury.  Nor do they bring to mind any plausible suggestion of physical danger.[9]  Thus, Mr. Lynn has not demonstrated that he is entitled to proceed under the 1915(g) exception.

Even if petitioner had paid the fee or qualified to proceed without prepayment, the court would dismiss this action pursuant to its screening obligation under 28 U.S.C. § 1915(e)(2)(B).  Petitioner does not allege facts or present a valid legal theory that gives this federal court authority to intervene in his state court proceedings. [10]  His remedy for the adverse rulings of a state district court judge is an appeal to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court.  His final appeal, after state court remedies have been exhausted, is to the United States Supreme Court.  A federal district court has no appellate authority over the state court decisions described in the petition. Moreover, as noted, this court lacks jurisdiction to determine any second and successive Section 2254 petition filed by Mr. Lynn in the absence of Circuit Court preauthorization. In addition, Mr. Lynn's bald allegations of denial of access are not sufficient to state a claim because he alleges no facts showing the necessary element of actual injury.  See *Lewis v. Casey*, 518 U.S. 343, 348-49, 351-52 (1996).  Furthermore, as already explained, Mr. Lynn's claims of denial of court access are challenges to the conditions of his

[9]        As in his prior cases, plaintiff's mention of "21 criminal batteries/excessive uses of force" is not presented as the basis for his complaint and is not supported by crucial facts including participants' names, dates, locations and surrounding circumstances.

[10]       For a district court to issue a writ under the All Writs Act, three elements must be satisfied. Petitioner does not satisfy the first two.  First, 'the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires.'"  *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004).  This condition is "designed to ensure that the writ will not be used as a substitute for the regular appeals process."  *Id.*  Here, petitioner has appeals pending.  "Second, the party seeking the writ must meet its 'burden of showing that [its] right to issuance of the writ is clear and indisputable,'" which petitioner has not done.  *Id.* at 381.

confinement that must be litigated in a civil rights complaint.  Finally, Mr. Lynn's claim that he has been denied access is belied by the number of cases he has filed in state and federal courts as well as the 415 pages he has managed to submit to date in this case alone.  See *Lynn v. Anderson-Varella*, 257 Fed. App'x 80, 86 (10th Cir. 2007).

OTHER FILINGS

Since filing this petition, Mr. Lynn has continued his abusive practice of submitting numerous additional filings that are mostly inappropriate.[11]   He has improperly failed to add any facts, claims or causes of action to his original pleading.  In any event, this court's dismissal of this action under Section 1915(g) renders all of petitioner's pending motions moot.  The court thus denies all pending motions and other filings that might be read as containing imbedded motions due to mootness.

For all the foregoing reasons, the court dismisses this action because Mr. Lynn is a three-strikes litigant who did not prepay the filing fee and did not show in his petition that he is in imminent danger of serious physical injury.[12]   For the same reasons, the court certifies that any appeal of this decision is not taken in good faith.

---

[11]      These filings are not proper amended complaints and yet contain jumbled streams of additional allegations and claims that were not in the petition and do not relate to his denial of access claims.  Mr. Lynn has repeatedly been informed that in order to raise any claims, allege any facts, or present any arguments, he must include them in his initial pleading and that in order to add any claim, allegation or argument, he must submit a complete, proper amended pleading.  In addition, most of petitioner's other filings are not proper motions because they are not distinct motions with descriptive titles and are not limited to a clear statement of the requested court action along with the factual and legal grounds showing movant's entitlement to the requested action.   See Federal Rules of Civil Procedure, Rule 7(b). Most of petitioner's additional claims in his improper other filings, as with his denial of access claims, reflect no conceivable imminent physical danger.

[12]      Mr. Lynn was recently notified that filing restrictions are likely to be imposed upon him if he continues his improper and abusive filing practices in federal court.  This action was pending before that notice issued.  However, this case is additional evidence of Mr. Lynn's abusive filing practices.

ACCORDINGLY IT IS ORDERED this 5th day of August 2016 that this action is dismissed without prejudice and all relief is denied.

IT IS FURTHER ORDERED that petitioner's Motions for Leave to Proceed in forma pauperis (Dkts. 2 & 3) are denied because he is a three strikes litigant.

IT IS FURTHER ORDERED that petitioner's other pending motions (Dkts. 4, 6, 8-14 & 17) are denied as moot.

IT IS FURTHER ORDERED that any appeal of this matter is certified as not taken in good faith.


s/ J. Thomas Marten, Judge
J. THOMAS MARTEN, JUDGE